UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LABORERS NATIONAL PENSION FUND** | **CIVIL ACTION NO:** |
| and | **JUDGE** |
| **LOUISIANA LABORERS HEALTH AND WELFARE FUND** | **MAGISTRATE** |
| Plaintiffs | |
| VERSUS | |
| **CAJUN CONCRETE SERVICES, INC.** | |
| Defendant | |

### COMPLAINT

Through undersigned counsel, come Plaintiffs, Laborers National Pension Fund and Louisiana Laborers Health and Welfare Fund, which bring this Complaint to enforce the terms of their contracts and plans against Cajun Concrete Services, Inc.

1.

This is an action brought pursuant to §§ 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132 and 1145, and § 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

2.

Jurisdiction and venue are conferred on this Court by 28 U.S.C. § 1331, 29 U.S.C. § 185(a), and 29 U.S.C. § 1132(a),(e)-(f).

1

3.

Plaintiff Laborers National Pension Fund ("Pension Fund") is an employee pension benefit plan as defined in § 3(2) of ERISA as amended, 29 U.S.C. § 1002(2). The Pension Fund is administered in Dallas, Texas.

4.

Plaintiff Louisiana Laborers Health and Welfare Fund ("Welfare Fund") is an employee welfare benefit plan as defined in § 3(2) of ERISA as amended, 29 U.S.C. § 1002(1). The Welfare Fund is administered in Livonia, Louisiana.

5.

Cajun Concrete Services, Inc. ("Cajun Concrete") is a Louisiana corporation. Defendant Cajun Concrete may be served by delivering a copy of the Summons and Complaint to its registered agent for service of process, Harry Leblanc, III, 42723 Merchant Street, Ponchatoula, Louisiana 70454.

6.

Cajun Concrete executed an addendum to the Harrah's New Orleans Casino Project Labor Agreement (PLA) on June 6, 2011 (with an effective date of May 23, 2011), agreeing that the December 1, 2003, PLA for the construction of Harrah's applied to the "construction of a build-out of Manning's Restaurant." (Exhibit 1, Addendum to Project Labor Agreement). This project "commenced on May 23, 2011. (Exhibit 1). Cajun Concrete was a contractor on the build-out of Manning's restaurant.

7.

The December 1, 2003 PLA provides as follows:

> The Contractor, Contractor Employers, and Signatory Unions shall be required to agree to be bound by all legally constituted trusts which have been established between International and/or Local Unions signatory to the Agreement and the recognized bargaining agencies for Local Contractors.

(Exhibit 2, December 1, 2003 PLA, Article XI, p. 19).

8.

Cajun Concrete Services, Inc., employed Laborers through Laborers Local 689 pursuant to this PLA.

9.

Article XIX of the December 1, 2003 PLA provides a wage rate of $11.60/hour and benefits of $2.13/hour for Laborers.

10.

Article XIX provides that "[a]ll signatory Employers hereby adopt each and every trust agreement establishing the multi-employer employee benefit trusts to which this Agreement obligates them to contribute." Article XIX further provides that signatory employers "agree to abide by all lawful regulations and plan provisions affecting such trusts or may be adopted by the Trustees to such trusts." (Exhibit 2, Article XIX, p. 29).

11.

Pursuant to authority in the Laborers National Pension Fund Agreement and Declaration of Trust Article IV, Sections 3 and 14, the trustees of the Pension Fund have adopted Delinquency Control Procedures.

12.

Pursuant to the Delinquency Control Procedures the Pension Fund conducts periodic audits.  According to an audit of Cajun Concrete conducted on April 18, 2013, delinquent contributions of the Pension Fundare due and owing in the amount of $1,883.38.  Interest is due in the amount of $333.52 as of May 29, 2013.  Liquidated damages are due and owing in the amount of $808.21.  A total of $3,025.11 is due and owing to the Pension Fund.

13.

The Fund is entitled to payment of all delinquent contributions, together with interest, liquidated damages, and all other fees due under the terms of the Pension Fund's Trust Agreement and the Delinquency Control Procedures adopted by the Pension Fund trustees.

14.

The Trust Agreement of the Welfare Fund, effective April 1, 2008, provides in Article VIII that "[e]ach Employer shall make timely and accurate payments to the Plan as required by the collective bargaining or other agreement to which such Employer is party."  Article VIII also provides that "contributions are due on the date indicated under . . . the Policy and Procedures for Delinquent Employers Accounts and Related Matters."

15.

The trustees of the Welfare Fund have adopted Employer Contributions, Delinquency, and Audit Procedures.  These Delinquency Procedures require monthly reports and contributions from Employers.  These Delinquency Procedures provide for audits of contributing employers.

16.

Article VIII of the Trust Agreement of the Welfare Fund authorizes the trustees to impose interest, liquidated damages, the cost of the audit, and attorneys' fees. According to the Delinquency Procedures, the rates of interest and liquidated damages are set by "appropriate Trustee resolutions."

17.

The trustees, by resolution, have set liquidated damages at 10% of the total amount of the delinquent contributions and interest at the same rate charged by the IRS for delinquent taxes.

18.

Pursuant to an April 18, 2013 audit, Cajun Concrete underreported hours for work months July, August, and September 2011 and January 2012. The total hours underreported was 532. The total contributions due to the Welfare Fund is $665.01. The total interest due is $189.73. The total liquidated damages due is $66.50. A total of $921.24 is due and owing to the Louisiana Laborers Health & Welfare Fund.

19.

A total of $3946.35 is due and owing to the Funds, in addition to interest, the cost of the audit, and attorneys' fees.

20.

A copy of this complaint is being served upon the Secretary of Labor and the Secretary of Treasury by certified mail, as required by 29 U.S.C. §1132(h).

WHEREFORE, Plaintiff asks that this Court deem this Complaint sufficient, and after due trial on the merits, enter judgment for the Funds, ordering:

1. payment of all contributions which are owed;

2. payment of interest on the delinquent contributions;

3. payment of liquidated damages;

4. awarding to Plaintiff its reasonable attorneys' fees and costs of litigation; and

5. awarding any other legal or equitable relief this Court deems appropriate.

       Respectfully submitted,

       ROBEIN, URANN, SPENCER
       PICARD & CANGEMI, A.P.L.C.

       *s/ Christina L. Carroll*
       LOUIS L. ROBEIN (La. Bar # 11307)
       CHRISTINA L. CARROLL (La. Bar # 29789)
       2540 Severn Avenue, Suite 400
       Post Office Box 6768
       Metairie, LA 70009-6768
       Telephone: (504) 885-9994
       E-Mail: ccarroll@ruspclaw.com
       ATTORNEYS FOR PLAINTIFFS

**PLEASE SERVE:**
Cajun Concrete, Inc.
Through its Agent of
Harry Leblanc, III
42723 Merchant Street
Ponchatoula, Louisiana 70454.